UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RAYMOND MINKLE                                                                                           PLAINTIFF

v.                                              No. 2:18-CV-02115

FORT SMITH HMA, LLC                                                                                  DEFENDANT

## OPINION AND ORDER

Defendant Fort Smith HMA, LLC filed a motion (Doc. 26) for summary judgment and brief (Doc. 27) and statement of facts (Doc. 28) in support. Plaintiff Raymond Minkle filed a response (Doc. 30), statement of facts (Doc. 31), amended statement of facts (Doc. 33), and brief (Doc. 32) in opposition. Defendant filed a reply[1] (Doc. 34) to Plaintiff's response. The motion will be denied.

Considered in a light most favorable to the Plaintiff, the evidence on summary judgment shows that Plaintiff suffered from severe depression that caused suicidal ideation and at one point led to a suicide attempt. Plaintiff requested FMLA leave and the leave was granted. During that leave, Defendant informed Plaintiff that Plaintiff would retire at the end of the leave. Plaintiff responded that he did not want to retire and instead intended to be reinstated at the end of his leave, but that he would like a short extension of that leave before returning to work (as was allowed by Defendant's written policies) so that his depression could be adequately treated. Defendant instead informed Plaintiff that his employment would be terminated and he would not be reinstated at the end of his initial leave period. Plaintiff had been performing his job sufficiently, and his direct supervisor did not intend to terminate Plaintiff's employment. Plaintiff claims that Defendant's

---

[1] Defendant filed a 20-page reply, exceeding the 7-page limit for reply briefs imposed by the Court at the outset of this case. (Doc. 7, p. 2, ¶ 7). Defendant did not seek leave to file an overlength reply.

1

conduct was unlawful discrimination, interference, failure to accommodate, or retaliation under the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), Arkansas Civil Rights Act ("ACRA"), and Age Discrimination in Employment Act ("ADEA").[2]

To prevail on his FMLA interference claims, Plaintiff must show that Defendant "interfere[d] with, restrain[ed], or den[ied] the exercise of or the attempt to exercise" Plaintiff's FMLA rights. 29 U.S.C. § 2615(a)(1). "Every discharge of an employee while he is taking FMLA leave interferes with an employee's FMLA rights." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050–51 (8th Cir. 2006) (quoting *Throneberry v. McGehee Desha Cty. Hosp.*, 403 F.3d 972, 980 (8th Cir. 2005)). Such interference does not result in strict FMLA liability, however, but instead Plaintiff must show the interference was "for a reason connected with his FMLA leave." *Id*. at 1050 (citing *Throneberry*, 403 F.3d at 979). The record on summary judgment establishes that a genuine dispute of material fact exists concerning when Plaintiff was discharged—while taking FMLA leave or at the end of that leave. There is also a genuine dispute about whether Defendant's proffered explanation for terminating Plaintiff's employment—poor job performance—is the reason for his discharge or non-reinstatement. Finally, there is a genuine dispute about whether the decision to terminate Plaintiff's employment was connected to Plaintiff's request for leave and reinstatement. On this record, and in light of the evidence that Plaintiff's direct supervisor was sufficiently satisfied with Plaintiff's job performance and had no intention of terminating his employment, there is a genuine dispute about whether Defendant's decision instead was connected

---

[2] Though Plaintiff's complaint does not specifically identify the ADA or the ADEA as the source of any of his claims, failing to name the legal source of a cause of action in a pleading does not support dismissal of that cause of action. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). The factual allegations in the complaint support ADA and ADEA claims and both parties appear to have interpreted the complaint and litigated the matter as involving ADA and ADEA claims.

to Plaintiff's taking FMLA leave.  Plaintiff has raised a triable FMLA interference claim.

To prevail on his FMLA retaliation claims, Plaintiff must show that Defendant "discharge[d] or in any other manner discriminate[d] against [Plaintiff] for opposing any practice made unlawful" by the FMLA.  29 U.S.C. § 2615(a)(2).  Where, as here, there is no direct evidence of causal relationship (such as a statement by the employer explaining that an adverse employment action was taken because of an employee's protected activity), the case is analyzed under the *McDonnell Douglas*, burden-shifting framework.  *Stallings*, 447 F.3d 1041 at 1051.  The *McDonnell Douglas* framework is applied "to assure that the 'plaintiff has his day in court despite the unavailability of direct evidence.'"  *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) (quoting *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1014 (1st Cir. 1979)).  "To establish a prima facie case of FMLA retaliation, an employee must show that she engaged in activity protected under the Act, that she suffered an adverse employment action by the employer, and that a causal connection existed between the employee's action and the adverse employment action."  *Quinn v. St. Louis Cty.*, 653 F.3d 745, 754 (8th Cir. 2011) (quoting *Darby v. Bratch*, 287 F.3d 673, 679 (8th Cir. 2002)).  Along with other circumstances, temporal proximity between the protected activity and the adverse employment action can support a prima facie case of retaliation.  The record on summary judgment establishes that genuine disputes of material fact remain for trial.  Plaintiff informed Defendant that he intended to seek reinstatement at the end of his FMLA leave, but needed a short extension of leave.  Plaintiff's direct supervisor apparently did not intend to terminate Plaintiff's employment.  After informing Defendant of his intent to return to work subject to a short leave extension, Plaintiff was informed by Defendant that his employment would be terminated when his initial leave period ended.  Defendant then terminated Plaintiff's employment.  These circumstances also support Plaintiff's argument that Defendant's

nondiscriminatory justification for terminating Plaintiff's employment is pretext for retaliation. Plaintiff has raised a triable FMLA retaliation claim.

To prevail on his ADA and ACRA disability discrimination claims, Plaintiff must show that he was a disabled person within the meaning of the ADA and ACRA who was able to perform the essential functions of his job with or without a reasonable accommodation and who suffered an adverse employment action because of his disability. *Jackson v. City of Hot Springs*, 751 F.3d 855, 863–64 (8th Cir. 2014); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1135 (8th Cir. 1999). The record on summary judgment reveals a genuine dispute with respect to whether Plaintiff's mental health issues rose to the level of disability under the ADA and ACRA,[3] whether the accommodation identified by Plaintiff (extended leave) was reasonable and would have allowed him to perform the essential functions of his job, and whether Defendant terminated Plaintiff's employment because of his mental health issues. The evidence that Plaintiff's direct supervisor had no intention of terminating Plaintiff's employment based on job performance establishes a genuine dispute about whether Defendant's stated justification for terminating Plaintiff's employment was pretext for unlawful discrimination. Plaintiff has raised triable ADA and ACRA discrimination claims.

To prevail on his ADA and ACRA failure to accommodate claims, Plaintiff must make the same prima facia discrimination case described above and must show a failure by Defendant to accommodate that disability. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905–06 (8th

---

[3] Despite Defendant's arguments to the contrary, a reasonable jury could find from the evidence that Plaintiff's depression caused suicidal ideation and led to an attempted suicide, and so that Plaintiff's depression is sufficiently severe to "substantially limit[] one or more major life activities." 42 U.S.C. § 12102(1)(A); *see* Ark. Code Ann. § 16-123-102(3) (defining disability nearly identically to ADA). If Defendant disputes that Plaintiff's depression is in fact so severe that it has caused suicidal ideation and attempted suicide, that is an issue for the jury to decide.

Cir. 2015). Where, as here, an employee seeks to prove his failure to accommodate case based on his employer's failure to engage in an interactive process, "the employee must prove: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Id*. at 906. The record on summary judgment clearly establishes a genuine dispute of material fact on each of these elements. Plaintiff has raised triable ADA and ACRA failure to accommodate claims.

To prevail on his ADA and ACRA retaliation claims, Plaintiff must show that he engaged in protected activity, suffered an adverse employment action, and a causal connection exists between the protected activity and the adverse action. *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042–43 (8th Cir. 2007) ("Without direct evidence of a retaliatory motive, we analyze retaliation claims (whether under Title VII, the ADA, or the ADEA), under the burden-shifting framework of *McDonnell Douglas* . . . ."); *see Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 477 (8th Cir. 2010) ("We analyze Burkhart's Title VII and ACRA retaliation claims in the same manner."). Given the temporal proximity between Plaintiff's actions and Defendant's decision to terminate Plaintiff's employment and the dispute about whether Defendant's justification for terminating Plaintiff's employment was pretextual, on the record here there is a triable issue over whether Plaintiff engaged in protected activity (that is, requesting an accommodation for his disability) and whether Defendant's termination of Plaintiff's employment was causally connected to that protected activity. Plaintiff has raised triable ADA and ACRA retaliation claims.

To prevail on his ADEA discrimination claims, Plaintiff must show either direct evidence of age discrimination or must establish a prima facie case of age discrimination using the

*McDonnell Douglas* burden-shifting framework. For the latter, Plaintiff must show he was a member of the protected class (employees who are at least 40 years old), he was qualified to perform his job, he suffered an adverse employment action, and the circumstances of the adverse action give rise to an inference of discrimination.[4] In light of Plaintiff's age and job history, the evidence that Plaintiff's direct supervisor had no intention of terminating Plaintiff's employment, and the evidence that Defendant intended to effect termination of Plaintiff's employment through a process of forced retirement, the record sets forth enough genuinely-disputed evidence not only for Plaintiff to make a prima facie case of age discrimination but to make a case that Defendant's justification for terminating Plaintiff's employment was pretext for age discrimination. Given that the lesser evidentiary requirements of the *McDonnell Douglas* framework are satisfied, the Court need not decide whether Plaintiff's evidence of age discrimination is sufficiently strong to constitute "direct" evidence. Plaintiff has raised triable ADEA discrimination claims.

      IT IS THEREFORE ORDERED that Defendant's motion for summary judgment (Doc. 26) is DENIED. This matter will be reset for trial by separate order.

      IT IS SO ORDERED this 14th day of February, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

---

[4] Defendant argues that the last element requires Plaintiff to show that he was replaced by someone substantially younger than he is, but this misstates the requirements of a prima facie case, the elements of which the court should vary "in accordance with the facts of each individual case." *Schiltz v. Burlington N. R.R.*, 115 F.3d 1407, 1412 (8th Cir. 1997). In the mine run employment discrimination case, the circumstances giving rise to an inference of discrimination are disparate treatment from similarly-situated employees outside the protected class. In the mine run ADEA case, this disparate treatment is typically demonstrated by replacement by a younger employee. This is not the mine run case.